No. 27,862.

GEORGE T. COLLINS, *Appellee,* v. SAMUEL BAIRD et al., *Appellants.*

(263 Pac. 1048.)

SYLLABUS BY THE COURT.

DEEDS—*Construction — Exception of Possibility of Reverter of Right-of-way.*
A person owning a piece of land deeded part of it to a railroad company for
a right of way for a railroad and provided in the deed that it should become
void and the title to the land should revert to the grantor if the railroad
should be abandoned. The railroad was then built. Afterward the grantor
conveyed to a third party all the land except what was occupied by the rail-
road company and which had been conveyed to it. Thereafter the railroad
was abandoned. *Held,* That the title to the right of way reverted to the
grantor in the deeds.

Appeal from Cowley district court; OLIVER P. FULLER, judge. Opinion filed
February 11, 1928. Affirmed.

*J. E. Torrance* and *O. W. Torrance,* both of Winfield, for the appellants.

*Tom Pringle,* of Arkansas City, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff sued to quiet title to a strip of land
along the west side of lots 7 and 8 in Duncan's addition to Arkansas
City. The defendants answered and claimed that they owned the
property. The action was tried on an agreed statement of facts.
Judgment was rendered in favor of the plaintiff, and the defendants
appeal.

On October 12, 1908, and for some time prior thereto, the plain-
tiff was the owner of and in the possession of lots 7 and 8 of Dun-
can's addition to Arkansas City. On that day he with his wife
deeded a strip of land on the west side of the property to the South-
western Interurban Railway Company. The deed to that company
contained the following:

"Provided, that said tract of land is granted to the party of the second part
by the parties of the first part for the purpose of a right of way for its line of
interurban railway; and that in the event said party of the second part shall
fail to construct a line of interurban railway upon and along said strip of
land, and shall fail to operate cars over the same, or if said line of railway

Deeds, 18 C. J. p. 365 n. 28. Reversions, 1 L. R. A. n. s. 806; 23 R. C. L. 1102.

shall be abandoned by said company, then and in that event this deed shall become void and inoperative, and the title to the land herein conveyed revert to the grantors herein, their heirs, successors or assigns."

On May 8, 1911, the plaintiff with his wife executed a general warranty deed conveying to the defendant Samuel Baird "lots seven (7) and eight (8) in Duncan's addition to Arkansas City, Kan., according to the recorded plat thereof." That deed, immediately after the description of the lots, contained the following:

"Except a strip of land along the west side of said lots and extending their entire length, which tract is occupied by the Southwestern Interurban Railway Company track heretofore conveyed to said Interurban Ry. Company."

The only question presented concerns the interpretation of the deeds. The deed to Samuel Baird did not convey all of lots 7 and 8. It conveyed all of lots 7 and 8 except what was occupied by the Southwestern Interurban Railway Company track. The deed from Collins and wife to the Interurban Railway Company provided that if the railway should be abandoned, the deed should be void and the title conveyed should revert to George T. Collins and his wife, and to their heirs, successors or assigns. No heirs are shown. The deed to Baird does not make the latter a successor of Collins in any interest to the land in controversy, and the deed to Baird did not convey the land to him. Collins retained all the title to the strip in controversy except what had been conveyed to the railway company. When that company abandoned the railway the full title to the land reverted to Collins. The language in each of the deeds is plain, unambiguous, and does not need any aid to its interpretation.

The judgment is affirmed.